IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROD BRADSHAW,

        Plaintiff,

v.

                                                                 Case No. 17-2578-JTM-JPO

ESTATE OF PAUL BRADSHAW, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Rod Bradshaw's motion for a temporary restraining order ("TRO") and preliminary injunction ("PI") (Dkt. 7) and motion to vacate and set aside the Hodgeman County Superior Court Order for Writ of Execution (Dkt. 8). Having reviewed plaintiff's motions and amended complaint, the court finds that it lacks subject matter jurisdiction over plaintiff's claims.

    I.      Background

This case arises from the probate of the estate of plaintiff's father, Paul Bradshaw, whose will divided his assets equally among plaintiff and his seven siblings. In his amended complaint, plaintiff alleges wrongdoing by his sister, defendant Janice Bradshaw, and her attorney, defendant Curtis Campbell. As a result of a criminal proceeding involving an altercation between plaintiff and his sister, plaintiff was removed as co-executor of his father's estate. Plaintiff also signed a settlement agreement under threat of imprisonment and fines up to $750,000.

Presently, plaintiff seeks injunctive relief. He requests the court to "immediately freeze all assets or sequester all funds that are due to the estate from the [United States Departure of Agriculture] on land that is part of the Paul Bradshaw Estate." (Dkt. 5, at 13). Plaintiff also wants to freeze all actions of any creditor that is due to repossess the land or equipment owned by the estate. Plaintiff seeks appointment of a special master to reopen the estate. He also requests injunctive relief from defendants Jeff and Tonya Hillman from selling a house in their capacity as trustees of the estate.

Plaintiff also moves for the court to vacate and set aside the Hodgeman County Superior Court's judgment because Michelle Mahieu and her counsel failed to comply with Kansas notice requirements. In his motion requesting a TRO and PI, plaintiff asks the court stop the sale of his farm equipment issued by the state court.

II.   Discussion

Federal Rule of Civil Procedure 12(h)(3) requires the court to dismiss the case if it determines at any time that it lacks subject matter jurisdiction. Defendant is pro se and his pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, it is not the "function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based." *Id.*

The *Rooker-Feldman* doctrine deprives the court of jurisdiction to overturn the state court's judgment. *See D.C. Cir. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923). The *Rooker-Feldman* doctrine bars "a party losing

in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States [trial] court." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

Even with the liberal review, the court finds that plaintiff's allegations raise claims that were decided by the state court or are inextricably intertwined with the state judgments. It appears that plaintiff is alleging defendants committed misconduct and failed to comply with state law during the Hodgeman County proceedings. But he cannot properly appeal those judgments in federal court. Notably, one of plaintiff's prior cases (No. 15-3246) was dismissed for lack of jurisdiction for similar reasons. *See Bradshaw v. Gatterman*, 658 F. App'x 359, 362 (10th Cir. 2016) ("The requested relief plainly strikes at the state court's judgment, or, at the very least, are inextricably intertwined with it. The district judge properly dismissed his claims."). Therefore, the *Rooker-Feldman* doctrine prevents the court from reviewing plaintiff's claims and his case is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

IT IS THEREFORE ORDERED this 13th day of December, 2017, that plaintiff's claims, along with this case, are dismissed without prejudice.

     s/ J. Thomas Marten  
     J. Thomas Marten, Judge